UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
TORRENCE ROBINSON,

                    Plaintiff,                      COMPLAINT

             -against-                        Civ. No. 15cv9482

THE CITY OF NEW YORK, NYPD DETECTIVE      **PLAINTIFF DEMANDS**
PEDRO MARCANO, SHIELD #569 & JOHN DOE      **A TRIAL BY JURY**
POLICE OFFICERS 1-5,

                    Defendants.
------------------------------------------------X

      Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

      1.  Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et seq.* for an incident of police brutality, battery, false arrest, malicious prosecution, and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, which transpired on or about May 13, 2015 when Defendant DETECTIVE PEDRO MARCANO, Shield #569 (hereinafter "MARCANO") and Defendant JOHN DOE POLICE OFFICERS 1-5 (hereinafter "JOHN DOES"), employed by the CITY OF NEW YORK assaulted, battered, wrongfully detained, and falsely arrested Plaintiff TORRENCE ROBINSON in New York County, New York.

      2.  Plaintiff was 59-years-old at the time of this incident. Plaintiff is a Veteran, with no criminal record, and is disabled due to partial hearing loss in both ears. Plaintiff suffers from severe arthritis in his right shoulder as a result of a torn rotator cuff military injury. Nevertheless, prior to the incident complained of herein, Plaintiff provided handiwork and

cleaning services to senior citizens in his neighborhood.

3. On or about May 13, 2015 between approximately 1:30 p.m. and 2:00 p.m., ("the incident" or "time of the incident"), Plaintiff entered his apartment building at 143-49 West 140th Street, New York, New York 10030, utilizing his key to unlock the front door.

4. As Plaintiff entered the lobby, he saw his neighbor exiting the elevator, and Plaintiff called for him to hold the elevator, as he hurried toward the elevator.

5. Meanwhile, unbeknownst to Plaintiff, Defendant MARCANO sprinted to the front door and pushed his way into the building before the front door closed and chased Plaintiff.

6. Defendant MARCANO, wearing plain clothes, did not identify himself as a detective or a police officer, did not show Plaintiff a badge or any other item identifying himself as an officer, and did not issue any directives to Plaintiff.

7. Without warning or explanation, Defendant MARCANO grabbed Plaintiff's right hand from behind, twisting and wrenching it away from his body. Plaintiff cried out, demanding to know what the Defendant was doing and informing Defendant that he had an injured shoulder and that the Defendant was hurting him.

8. Defendant MARCANO ignored Plaintiff and continued to twist and exert pressure on Plaintiff's arm and shoulder. The searing pain caused Plaintiff to collapse onto the ground, and Defendant MARCANO pushed Plaintiff further to the ground, placing his body directly on top of the Plaintiff.

9. Defendant MARCANO remained on top of Plaintiff and continued to search Plaintiff. Defendant MARCANO did not find any type of contraband or weapon on or around Plaintiff. As Defendant MARCANO's body weight crushed Plaintiff, Plaintiff repeated, "You

have to get off of my shoulder. I have a bad shoulder."

10. Eventually, Defendant MARCANO pulled Plaintiff to a standing position, handcuffed Plaintiff in front of his neighbors, and dragged Plaintiff into the front lobby, where a second plainclothes police officer (Defendant JOHN DOE #1) joined them.

11. Defendants continued to search Plaintiff in front of his neighbors. Defendants found nothing other than Plaintiff's identification and wallet in his pockets.

12. Defendant MARCANO asked, "Where is it?" and ordered Plaintiff to open his mouth, stick out his tongue, and tilt his head at different angles. Plaintiff complied. Defendant MARCANO did not find anything in Plaintiff's mouth.

13. Throughout this entire incident, Plaintiff repeated that he did nothing wrong, that they had the wrong guy, that he was in extreme pain, had a bad shoulder, and that he could not keep his arm twisted behind his back because of his bad shoulder. Defendants completely ignored Plaintiff, did nothing to abate Plaintiff's pain, did not loosen Plaintiff's handcuffs or handcuff Plaintiff in front of his body, did not check Plaintiff's physical condition, and did not call for medical assistance, even when one of Plaintiff's neighbors appealed to Defendants on Plaintiff's behalf.

14. Defendants arrested Plaintiff without probable cause and fabricated false charges against him. Defendants failed to inform Plaintiff of his Constitutional rights (Miranda Warnings) and failed to inform him of why he was being arrested.

15. Defendants pulled Plaintiff outside and forced him to stand, handcuffed, in front of his neighbors and his neighborhood, for an extended period of time. Plaintiff's neighbors passed by and asked Defendants what they were doing, but Defendants told them to mind their own

business and keep walking.

16. Defendants called for an unmarked car, which transported Plaintiff to 145th Street and Lenox Avenue. At that location, Defendants transferred Plaintiff to the back of a windowless unmarked van. Plaintiff was alone in the back of the van, in stifling heat and pitch-black darkness, for more than one hour.

17. From the back of the van, Plaintiff repeatedly begged, "Officer, I cannot stay like this, my arm is hurting," and "I think that you cracked my rib." Defendants ignored Plaintiff, failing to provide or call for medical attention for the Plaintiff.

18. Plaintiff also pleaded with Defendants to turn on the air conditioner because it was unbearably hot in the back of the van. Defendants retorted, "You will be alright," refusing to provide Plaintiff with air.

19. After more than one hour, and after Defendants placed another individual in the van with Plaintiff, Defendants finally turned on the lights and air conditioning in the back of the van. In total, Plaintiff was held in the back of the van for several hours before Defendants arrived at the 32nd Precinct.

20. Plaintiff was held at the 32nd Precinct for several more hours. Defendants never questioned Plaintiff. Plaintiff asked a desk sergeant if he was going to receive a desk appearance ticket. The desk sergeant replied, "No, you ate the drugs, and you are going downtown."

21. Between approximately 9:00 p.m. and 10:00 p.m., Defendants transported Plaintiff to Central Booking, where Plaintiff was held overnight. Every single person held in Plaintiff's cell went to night court, except for Plaintiff.

22. Plaintiff is diabetic and has high blood pressure. Plaintiff was not given anything to

eat or drink besides milk during his detention.

23. Plaintiff never saw a judge. Finally, at approximately 12:30 a.m. on May 14, 2015, Plaintiff was informed that the District Attorney declined to press charges, and Plaintiff was free to go, after having been held for over 12 hours, after being injured, and without explanation, offer of assistance, or apology.

24. Plaintiff asked a Defendant officer if he would get any paperwork showing that he had been held in custody. The Defendant officer said, "No." Plaintiff stated, "I live in Harlem. Do I get any car fare to get home?" The Defendant officer told Plaintiff that he would not get any car fare because he had not seen the judge.

25. As a result of this incident, due to excruciating pain, Plaintiff can no longer engage in his usual activities or exercise his right shoulder with physical therapy routines. Plaintiff is right-hand dominant, and this exacerbation has restricted Plaintiff's ability to engage in his customary daily activities. Due to exacerbation of Plaintiff's pre-existing rotator cuff injury and severe arthritis, Plaintiff's right shoulder will require surgical repair.

26. As a result of this incident, Plaintiff has experienced progressively worsening and excruciating pain in his right shoulder, which prompted him to seek emergency medical treatment, where x-rays revealed a hairline fracture in his rib.

27. Defendants' actions exacerbated Plaintiff's pre-existing depression and has caused Plaintiff crippling anxiety. Fear of retaliation has caused Plaintiff, who had never been arrested before, anguish, humiliation, embarrassment, and stress.

28. Defendants' actions caused Plaintiff physical pain and injury, psychological and emotional distress, humiliation, and embarrassment.

## JURISDICTION AND VENUE

29. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and the doctrine of pendent jurisdiction, because the state claims arise from the same operative facts and are part of the same case or controversy.

30. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant the CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

31. Prior to the commencement of this action, and within ninety days after the claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK on July 24, 2015, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of the Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

32. Over thirty days have elapsed since service of the Notice of Claim, and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter. A 50h hearing was held on October 23, 2015.

33. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

34. At all relevant times, Plaintiff is and was a resident of New York County, New York.

35. At all relevant times, Defendant MARCANO acted in his official capacity, and was an employee, agent, or servant of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

36. Defendant MARCANO is an employee of THE CITY OF NEW YORK, acting within the scope of his employment as an officer of the New York City Police Department.

37. At all relevant times, Defendant JOHN DOE POLICE OFFICERS 1-5 acted in their official capacity as employees, agents, or servants of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

38. Defendant JOHN DOE POLICE OFFICERS 1-5 are employees of THE CITY OF NEW YORK, acting within the scope of their employment as officers of the New York City Police Department.

39. THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

## AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS MARCANO & JOHN DOES

40. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41. Defendants MARCANO and JOHN DOES, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendants physically and forcibly detained and handcuffed Plaintiff and falsely arrested him.

42. Defendants knew that Plaintiff had committed no crime but fabricated false charges, arrested Plaintiff, a grown man, in front of his neighbors, and held Plaintiff in custody for approximately 12 hours. The New York County District Attorney declined to press charges.

43. As a result of the foregoing, Defendants MARCANO and JOHN DOES, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

44. As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial emotional and psychological pain, and was otherwise injured.

45. As a result of the foregoing, Plaintiff demands monetary damages against Defendants MARCANO and JOHN DOES and further seeks punitive damages against Defendants MARCANO and JOHN DOES in an amount to be determined by jury.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT MARCANO & JOHN DOES

46. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47. On or about May 13, 2015, Defendants MARCANO and JOHN DOES, acting intentionally, recklessly and/or with deliberate indifference to the rights, life and liberty of Plaintiff, assaulted, battered and caused physical and mental injuries to Plaintiff.

48. As a result of the foregoing, Defendants MARCANO and JOHN DOES, acting under color of state law, violated 42 U.S.C. §1983 *et seq.*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

49. As a result of the foregoing, Plaintiff suffered bodily injury, loss of liberty, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

50. As a result of the foregoing, Plaintiff demands monetary damages against Defendants MARCANO and JOHN DOES and further seeks punitive damages against Defendants MARCANO and JOHN DOES in an amount to be determined by jury.

### AS AND FOR A THIRD CLAIM OF FALSE ARREST
### AGAINST ALL DEFENDANTS

51. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

52. On or about May 13, 2015, Defendants, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.

53. As a result of the foregoing, Plaintiff suffered suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

54. As a result of the foregoing, Plaintiff demands monetary damages against Defendants MARCANO, JOHN DOES, and THE CITY OF NEW YORK and is further seeking punitive damages against Defendants MARCANO and JOHN DOES in an amount to be determined by jury.

### AS AND FOR A FOURTH CLAIM FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

55. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

56. On or about May 13, 2015, Defendants intentionally placed Plaintiff in apprehension of imminent harmful contact, and Defendants, in a hostile manner and without the consent of Plaintiff, intentionally caused harmful bodily contact with Plaintiff as described herein.

57. Defendants MARCANO and JOHN DOES acted within the scope of their employment.

58. As a result of the foregoing, Plaintiff suffered bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

59. As a result of the foregoing, Plaintiff demands monetary damages against Defendants MARCANO, JOHN DOES, and THE CITY OF NEW YORK and is further seeking punitive damages against Defendants MARCANO and JOHN DOES in an amount to be determined by jury.

### AS AND FOR A FIFTH CLAIM OF NEGLIGENT HIRING AND TRAINING AGAINST DEFENDANT THE CITY OF NEW YORK

60. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

61. The aforementioned occurrence took place by reason of the negligence of Defendant THE CITY OF NEW YORK, its agents, servants and/or employees, including various police officers regarding the hiring, retention, supervision and disciplining of Defendants MARCANO and JOHN DOES.

62. The aforementioned occurrence took place by reason of the negligence of Defendant THE CITY OF NEW YORK, its agents, servants and/or employees, regarding the hiring, retention, supervision and disciplining of the Defendants MARCANO and JOHN DOES.

63. As a result of the foregoing, Plaintiff sustained severe and serious personal injuries and other consequential damages.

64. As a result of the foregoing, Plaintiff demands monetary damages against Defendant THE CITY OF NEW YORK.

65. As a result of the foregoing, Plaintiff has been damaged in excess of the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

   a. Compensatory damages;

   b. Punitive damages against Defendants DETECTIVE MARCANO and JOHN DOES;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
December 3, 2015

Yours, etc.,

GIORDANO LAW OFFICES PLLC

By:_____
Carmen S. Giordano, Esq.
226 Lenox Avenue
New York, NY 10027
(212) 406-9466